# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-1932 MRA (MRWx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | Kampf v. United States | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| Eddie Ramirez | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys for Plaintiff: | | Attorneys for Defendant: |
| n/a | | n/a |

**Proceedings:**   ORDER DENYING GOVERNMENT'S MOTION TO COMPEL

   1.   The government moved to compel a medical examination of Plaintiff Kampf in this tort action.  (Docket # 48.)  Specifically, the government does not wish to permit Ms. Kampf to audiorecord the physical examination.

   2.   The motion is DENIED.[1]  As an initial matter, the government mischaracterizes the exam here as an "independent medical examination."  (Id. at 1.)  No, it's not.  The proposed exam is in no way "independent" (like, say, a neutral / agreed-upon exam in the workers compensation context).  Rather, it's an adversarial, litigation-related exam to be conducted by a physician hired by one of the parties.  To refer to the proposed procedure as "independent" is misleading and skews the analysis.

   3.   Next, the proposed procedure involves an examination of the neck, spine, and potentially other core body areas of a woman by a man who is a stranger to her.  Male physicians typically avoid cross-gender examinations except in the presence of a same-sex scribe, nurse, or other assistant (to avoid allegations of misconduct).  Whether or not Dr. Hah does that, Ms. Kampf is surely entitled to a bit of personal protection in this vulnerable situation.  Recording the exam is a sensible, non-intrusive way of ensuring her safety and comfort.[2]

   4.   Finally, I'm unimpressed by the soundbites from the historic caselaw that the government cites in its brief.  Yes, I'm aware that courts in the 1900s found that recording

---

   [1]   The Court concludes that it can resolve this dispute without argument or supplemental briefing.  L.R. 7-15, 37-2.3.

   [2]   I'll note that police officers and local activists are the most devout advocates of bodycam videos and self-filming to protect themselves.  It's often the most important piece of evidence in civil and criminal litigation these days.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 22-1932 MRA (MRWx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | Kampf v. United States | | |

of exams could be problematic and required some amount of cause to justify recording a session. (Note that Mr. Schiavone continues to refer archaically to "tape recording" in his section of the brief. I really doubt that anyone has used reel-to-reel recorders or a boom box with a cassette player in an exam room in decades.) I'm also aware that colleagues have recycled aspects of those decisions in recent years. Cooper v. United States, No. CV 20-10567 GW (JEMx), 2021 WL 4706543 (C.D. Cal.) (Ret. M.J. McDermott).

      5.      But the subjectivity of a physical or mental exam based a single encounter is fraught with problems. The presence of a recording can help ensure that (a) the practitioner maintains a professional demeanor, (b) the examinee gives adequate cooperation and effort (to refute a claim of malingering), and (c) the final report / opinion / testimony of the physician can be reviewed impartially by the lawyers and other experts in the case. Far from "the infusion of the adversary process into the [ ] examination room," Holland v. United States, 182 F.R.D. 493, 496 (D.S.C. 1998(!)), common sense suggests that a presence of a recording can defuse these concerns.

      6.      So, in an exercise of discretion, I decline to order the exam on the terms that the government demands. If Ms. Kampf wants to audiorecord the exam, she can. Note that if she elects to record the procedure, Dr. Keh may make his own recording too (or be accompanied by a companion as discussed above).

\* \* \*

      7.      The Court declines to order the payment of attorney's fees under Federal Rule of Civil Procedure 37(a)(5). Although I find the government's position to be insufficient, I'm unable to conclude that the government was not "substantially justified" in pursuing the motion.